# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
**300 Quarropas Street**
**White Plains, NY 10601**

| | |
|---|---|
| IN RE: Laurie Michelle Cohen | CASE NO.: 09–22262–rdd |
| Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–8087 | CHAPTER: 7 |

## DISCHARGE OF DEBTOR
## ORDER OF FINAL DECREE

A petition under chapter 7 of title 11, United States Code was filed by or against the Debtor(s) on 2/25/09 ; an order for relief was entered under chapter 7; no order denying a discharge has been granted. The Debtor's estate has been fully administered.

**IT IS ORDERED THAT:**

1. The Debtor is released from all dischargeable debts.

2. Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:

(a) debts dischargeable under 11 U.S.C. § 523(a);

(b) debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(2),(4),(6) or (15) unless determined by this court to be nondischargeable;

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order or whose judgments are declared null and void in 2 above, are enjoined from instituting or continuing any action, employing any process or engaging in any act to collect such debts as personal liabilities of the Debtor(s).

4. Jeffrey L. Sapir–7 is discharged as the Trustee of the Debtor's estate and the bond is cancelled. The chapter 7 case of the Debtor(s) is closed.

Dated: 6/26/09                                   Robert D Drain , Bankruptcy Judge

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**